NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

LAMONT VAUGHN,
          :
          :
   **Plaintiff,**   :
          :
v.          :  **Civil Action No. 08-1759 (SRC)(MAS)**
          :  **OPINION**
ESSEX COUNTY CORRECTIONAL :
FACILITY, et al,     :
          :
     **Defendants.**  :

**SHIPP, United States Magistrate Judge**

   This matter comes before the Court by way of Plaintiff Lamont Vaughn's Application for Pro Bono Counsel. (Docket, Document Number 15) Indigent parties asserting civil rights claims have no absolute constitutional right to counsel. *Parham v. Johnson*, 126 F.3d 454, 456-57 (3d Cir. 1997). In determining whether to appoint counsel, a court should consider, as a preliminary matter, whether the plaintiff's claim has some merit in fact and law. *Id.* at 457-58. If the court determines that the plaintiff's claims have some merit, then the court should consider the following factors:

   (1) the plaintiff's ability to present his or her own case;

   (2) the complexity of the legal issues;

   (3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue such investigation;

   (4) the amount a case is likely to turn on credibility determinations;

   (5) whether the case will require the testimony of expert witnesses; and

   (6) whether the plaintiff can obtain and afford counsel on his own behalf.

*Id.* (*citing Tabron v. Grace*, 6 F.3d 147, 155-56, 157 n.5 (3d Cir. 1993)). The list of factors

identified in *Tabron* is not exhaustive, but rather serves as a "guidepost" for district courts. *Id.* at 458. Moreover, courts must "exercise care in appointing counsel because volunteer lawyer time is a precious commodity and should not be wasted on frivolous cases." *Id.* (citing *Tabron*, 6 F.3d at 157.)

In this case, Plaintiff asserts, pursuant to 42 U.S.C. § 1983, that Defendants brutally battered him and deprived him of medical attention. (Docket, Document Number 15) Specifically, Plaintiff alleges that Defendants "kicked, stomped and punched" him while he was pepper sprayed and non-resistant. (*Id.*) Furthermore, Plaintiff alleges that he was denied proper medical assistance even though it was "visibly clear" that he was injured. (*Id.*)

Analysis of the *Tabron* factors in this case reveals that appointment of pro bono counsel is not appropriate at this time. It is apparent from Plaintiff's Complaint that he is able to articulate his legal claims, as well as the facts supporting such claims. In addition, the legal issues here appear to be fairly straightforward. While some factual investigation, such as obtaining certain records and other documentation may be necessary, it does not appear that Plaintiff would have any difficulty obtaining this information or developing other relevant evidence. Although Plaintiff states that he needs witness testimony, correctional facility reports and camera footage surrounding the incident, the Court cannot make a determination as to whether this information is necessary or whether Plaintiff is able to obtain these documents without the assistance of counsel.

Accordingly, for the foregoing reasons, Plaintiff's application for appointment of counsel is denied, without prejudice to Plaintiff raising the issue again should circumstances change.

_____
**HONORABLE MICHAEL A. SHIPP**
**UNITED STATES MAGISTRATE JUDGE**